IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MICHAEL STEPHON PARKER,

    Plaintiff,

v.                                                        Civil Action No. 3:11CV156

ROY CHERRY, et al.,

    Defendants.

**MEMORANDUM OPINION**

Michael Stephon Parker, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983. The matter is before the court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. BACKGROUND

The Magistrate Judge made the following findings and recommendations:

**Preliminary Review**

> This Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).
> 
> "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."

<u>Republican Party of N.C. v. Martin</u>, 980 F.2d 943, 952 (4th Cir. 1992) (<u>citing</u> 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. <u>Mylan Labs., Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993); <u>see also</u> <u>Martin</u>, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (second alteration in original) (<u>quoting</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." <u>Id.</u> at 555 (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," <u>id.</u> (citation omitted), stating a claim that is "plausible on its face," <u>id.</u> at 570, rather than merely "conceivable." <u>Id.</u> "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at 1949 (<u>citing</u> <u>Bell Atl. Corp.</u>, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." <u>Bass v. E.I. Dupont de Nemours & Co.</u>, 324 F.3d 761, 765 (4th Cir. 2003) (<u>citing</u> <u>Dickson v. Microsoft Corp.</u>, 309 F.3d 193, 213 (4th Cir. 2002); <u>Iodice v. United States</u>, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes <u>pro se</u> complaints, <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's

2

advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Claim

Plaintiff's complaint arises out of a case of mistaken identity during pill call at the Hampton Roads Regional Jail ("HRRJ"). While Plaintiff was at HRRJ, another inmate was incarcerated there who shared Plaintiff's name. This led the nurses at HRRJ to confuse the two inmates. Accordingly, on seven occasions—and by six or seven different nurses—Plaintiff received the other inmate's medication. The other inmate's medication treated seizures and bipolar disorder. This occurred despite the nurses scanning Plaintiff's identification band during pill call.[1]

Plaintiff insists that this mix-up posed a risk of possible harm because of the potential side effects attributed to the medication. The side effects which Plaintiff alleges he experienced include constipation and a swollen leg. Plaintiff contends that the nurses' conduct constitutes neglect, abuse, unethical treatment, and medical malpractice. Plaintiff seeks $200,000 in damages.

### Analysis

In order to state an Eighth Amendment[2] claim, a plaintiff must allege facts that suggest: (1) that objectively the deprivation suffered or harm inflicted was "'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). With respect to the denial of adequate medical care, "a prisoner must

---

[1] Plaintiff asserts that he suffers from hypertension and nephritic syndrome. Plaintiff avers that he still received his own medication.

[2] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

3

allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A medical need is "serious" if it "'has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir. 1999)); see Webb v. Hamidullah, 281 F. App'x 159, 165 (4th Cir. 2008) (citing Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)).

Regarding the second, subjective prong, "[d]eliberate indifference is a very high standard—a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) (citing Estelle, 429 U.S. at 105-06); see Davis v. Stanford, 382 F. Supp. 2d 814, 820 (E.D. Va. 2004), aff'd, 127 F. App'x 680 (4th Cir. 2005) ("[A]n assertion of mere negligence or malpractice is not enough to constitute an Eighth Amendment violation." (citations omitted)). Deliberate indifference requires the plaintiff to allege facts that suggest that a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. See Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff indicates that he received the wrong pills on multiple occasions while incarcerated at HRRJ. Plaintiff's allegations fail to satisfy either the objective or the subjective tests of the Eighth Amendment analysis. First, Plaintiff's allegations fail to allege that the harm inflicted was sufficiently serious. The side effects from which Plaintiff alleges he suffered—constipation and a swollen leg—are not sufficiently serious as to implicate the Eighth Amendment. Webb v. McKnight, No. 7:06-cv-00734, 2006 WL 3761382, at *2 (W.D. Va. Dec. 20, 2006) (finding that plaintiff's complaints of indigestion, constipation, headaches, vomiting, and emotional distress did not constitute a serious medical need); Ross v. McGinnis, No. 94-A-6742, 2004 WL 1125177, at *10 (W.D.N.Y. Mar. 29, 2004) (holding that inmate's complaints of abdominal pain, vomiting, heartburn, constipation, body odor, and extreme body heat did not constitute a serious medical need).

Furthermore, Plaintiff has not sufficiently alleged that the nurses were deliberately indifferent

to Plaintiff's health. Plaintiff does not suggest, for example, that the same nurse acted with deliberate indifference on each occasion or that the nurses acted in concert. At worst, the nurses were negligent in identifying Plaintiff during pill call. This falls well within the type of mistake that does not amount to deliberate indifference. Neither negligence nor even malpractice constitutes a § 1983 claim. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Grayson, 195 F.3d at 695 ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." (citing Estelle, 429 U.S. at 105-06)). In fact, it appears that the medical staff at HRRJ was receptive when Plaintiff alerted them to their mistake. On November 15, 2010 the medical staff was informed of Plaintiff's situation. (Orig. Compl. Attachs.) Plaintiff does not allege that a mix-up has occurred since then.

The Court notes that Plaintiff has not alleged that he is at risk of a future harm. See Helling v. McKinney, 509 U.S. 25, 35 (1993); Johnson v. Pearson, 316 F. Supp. 2d 307, 316 (E.D. Va. 2004). Because Plaintiff no longer resides at HRRJ—and is presumably no longer incarcerated with the inmate who shares his name—the risk of future harm to Plaintiff is minimal. Oliver v. Deen, 77 F.3d 156, 159-60 (7th Cir. 1996) (finding that a prisoner could not make a future-harm claim because he was no longer housed at the prison in question).

Plaintiff has failed to state a claim for denial of his rights under the Eighth Amendment. Accordingly, it is RECOMMENDED the action be DISMISSED.

(Aug. 16, 2011 Report and Recommendation). The Court advised Parker that he could file objections or an amended complaint within fourteen (14) days after the entry of the Report and Recommendation. Parker has not responded.

5

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing Mathews v. Weber, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." Thomas v. Arn, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a de novo review. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 316 (4th Cir. 2005).

## III. CONCLUSION

There being no objections, the Report and Recommendation will be accepted and adopted. Plaintiff's claims and the action will be dismissed. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to send a copy of this Memorandum Opinion to Parker.

It is so ordered.

/s/ REP

Robert E. Payne
Senior United States District Judge

Date: February 23, 2012
Richmond, Virginia

7